**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SOUTHEAST ALASKA CONSERVATION
COUNCIL; et al.,
              *Plaintiffs-Appellants,*

              v.

UNITED STATES ARMY CORPS OF
ENGINEERS; et al.,
              *Defendants-Appellees,*

COEUR ALASKA, INC.; et al.,
              *Defendant-Intervenors-*
                        *Appellees.*

No. 06-35679

D.C. No.
CV-05-00012-J-JKS
District of Alaska,
Juneau

ORDER

Filed December 8, 2006

Before: Procter Hug, Jr., A. Wallace Tashima, and
Susan P. Graber, Circuit Judges.

## ORDER

Appellee Coeur Alaska, Inc.'s Urgent Motion Under Circuit Rule 27-3(b) to Vacate the Injunction Pending Appeal is denied. The court granted Appellant Southeast Alaska Conservation Council's ("SEACC") Emergency Motion Under Circuit Rule 27-3 on August 24, 2006, at which time the court issued an injunction pending appeal. The court's order enjoined Coeur Alaska, the U.S. Army Corps of Engineers ("Corps"), and the U.S. Forest Service from activities relating to the construction of a disposal facility at Lower Slate Lake. On November 7, 2006, Coeur Alaska filed its motion to vacate the injunction due to weather conditions and in light of the U.S. Supreme Court's recent decision in *Purcell v. Gonzalez*, 127 S. Ct. 5 (2006).

19441

We conclude that Coeur Alaska's challenge to the injunction, to the extent that it is based on *Purcell*, is untimely. *See* 9th Cir. R. 27-10(a). Even if the form of the injunction were subject to challenge now, we conclude that *Purcell* does not require the court to vacate its injunction. Thus, we confirm issuance of the injunction until the court decides the merits of this case and the mandate issues.

In *Purcell*, the Supreme Court vacated a "bare order" issued by this court that conflicted with a district court's later factual findings. *Id.* at 7-8. In that case, the Supreme Court stated that this court had failed "to provide any factual findings or indeed any reasoning of its own." *Id.* at 8. Coeur Alaska's remedy for failure of the injunction to meet *Purcell*'s specificity requirement was, as was done in *Purcell* itself, to petition to the Supreme Court for *certiorari* relief, which Coeur Alaska did not do. Moreover, the Supreme Court gave no indication that this court could not have corrected the situation by offering a justification for its injunction at a later point. Accordingly, even if the court's injunction in this case was insufficient in its level of detail, we will remedy that lack of detail by explaining our reasons for granting the injunction.

An injunction pending appeal is appropriate in this case. In deciding whether to grant an injunction pending appeal, the court " 'balances the plaintiff's likelihood of success against the relative hardship to the parties.' " *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1092 (9th Cir. 2005) (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). This court has recognized two different sets of criteria for preliminary injunctive relief. Under the "traditional test," the moving party must show: " '(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).' " *Id.* (quoting *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113,

1120 (9th Cir. 2005)). The "alternative test" requires that the moving party demonstrate " '*either* a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.' " *Id.* (quoting 408 F.3d at 1120). As this court has explained many times, " '[t]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum.' " *Id.* at 1092-93 (quoting 408 F.3d at 1120).

Applying this test, SEACC has demonstrated the need for an injunction pending appeal. First, SEACC has shown a likelihood of success on the merits because it has argued persuasively that the Corps' permit to Coeur Alaska violates the Clean Water Act. Second, SEACC has demonstrated that construction of a permanent dam at Lower Slate Lake will adversely affect the environment by destroying trees and other vegetation, and by killing aquatic life. Coeur Alaska has not disputed these facts. Ongoing harm to the environment constitutes irreparable harm warranting an injunction. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987). When a project " 'may significantly degrade some human environmental factor,' injunctive relief is appropriate." *Nat'l Parks & Conservation Ass'n v. Babbitt*, 241 F.3d 722, 737 (9th Cir. 2001) (quoting *Alaska Wilderness Recreation & Tourism Ass'n v. Morrison*, 67 F.3d 723, 732 (9th Cir. 1995)). Third, the balance of hardships favors SEACC. Coeur Alaska admitted to this court in its brief in response to SEACC's emergency motion for an injunction pending appeal that disposal of tailings into Lower Slate Lake is not scheduled to begin until, at the earliest, next spring. Consequently, construction activities need not begin immediately. Furthermore, as discussed below, the court's injunction allows Coeur Alaska to implement measures necessary to stabilize the coffer dam. Given the risk of irreparable harm to the environment, the balance of hardships tips decidedly in SEACC's

favor. Finally, the public interest strongly favors preventing environmental harm. Although the public has an economic interest in the mine, there is no reason to believe that the delay in construction activities caused by the court's injunction will reduce significantly any future economic benefit that may result from the mine's operation. Therefore, applying the court's sliding scale to the record, we conclude that an injunction pending appeal is appropriate in this case.

Our determination concerning the relative hardships does not conflict with that of the district court. When considering SEACC's motion for accelerated briefing to the district court relating to its motion for an injunction pending appeal, the district court stated that an expedited consideration of SEACC's motion for an injunction pending appeal was not warranted because no additional harm would occur if the court followed a normal briefing schedule. The district court did not actually consider the merits of SEACC's motion. In fact, the district court expressly did not address the balance of hardships. Thus, the district court's order merely addressed timing of briefing to the district court and did not make findings relevant to irreparable harm. SEACC's motion to the district court for an injunction pending appeal was withdrawn when this court granted SEACC's motion for an injunction pending appeal, and thus no findings on the merits were made.

To justify vacating the injunction (other than on the failure to comply with *Purcell*'s specificity requirement), Coeur Alaska must demonstrate that facts have changed sufficiently since the court issued its order. *See Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). Coeur Alaska argued in its motion that the court's injunction prevents it from taking measures to prevent environmental degradation. According to Coeur Alaska, excessive precipitation this autumn has jeopardized the integrity of a coffer dam constructed at the lake's outfall point, which could increase sediment levels in downstream waters. But the court's order granting SEACC's motion for an

injunction pending appeal allows Coeur Alaska to take the steps necessary to prevent the alleged environmental harm. The court's order states: "Nothing in this injunction shall prohibit measures needed to restore stream flows, stabilize soils, or prevent erosion." Accordingly, the injunction permits Coeur Alaska to take measures necessary to stabilize the coffer dam. Assuming Coeur Alaska's factual assertions to be true, Coeur Alaska has failed to demonstrate that construction of a permanent dam is the only measure capable of averting environmental harm. For example, Coeur Alaska could take several lesser measures to prevent breaching of the coffer dam, including installation of a spillway, or removal or reduction in height of the coffer dam itself. The court's order permits Coeur Alaska to take those measures. Thus, Coeur Alaska has not met its burden to show that the injunction should be vacated.

For these reasons, Coeur Alaska's urgent motion to vacate the injunction pending appeal is denied. The court directs all parties, including the government, to meet and consider how best to address the threat posed by weather conditions to the integrity of the coffer dam.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.